UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DONNA L. KNIGHT, individually and as mother and next of friend and personal representative of AISHA LATREESE KNIGHT, deceased, and the Estate of AISHA LATREESE KNIGHT, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:07-CV-101 |
| CHATTANOOGA POLICE DEPARTMENT, CITY OF CHATTANOOGA, TENNESSEE HAMILTON COUNTY, TENNESSEE HAMILTON COUNTY SHERIFF'S DEPARTMENT, JOHN DOES 1 through 5, JANE DOES 1 through 5, and The Estate of LAVAGAS GRUNDY | ) ) ) ) ) ) ) ) | Chief Judge Curtis L. Collier |
| *Defendants*. | ) ) | |

## **MEMORANDUM**

Before the Court are two motions for summary judgment filed by Defendants City of Chattanooga, Tennessee ("City"), Chattanooga Police Department ("CPD"), Hamilton County, Tennessee ("County"), Hamilton County Sheriff's Department ("Sheriff's Department"), John Does 1 through 5, and Jane Does 1 through 5 (collectively, "Defendants") (Court Files No. 23, 25). Defendants filed memoranda in support of their motions for summary judgment (Court Files No. 24, 26). Over seven weeks have passed, and Plaintiff Donna L. Knight has not filed a response or anything else with the Court. The Local Rules provide 20 days to respond to dispositive motions, and "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.1(a), 7.2. Even without the Local Rule, dismissal is almost inevitable when a plaintiff fails to oppose a summary judgment motion. Here, Defendants have produced evidence

showing they are entitled to summary judgment and Plaintiff has, of course, not offered evidence to the contrary. Therefore, for the following reasons, Defendants' motions for summary judgment will be **GRANTED** (Court Files No. 23, 25).

I.  **RELEVANT FACTS**

The events giving rise to this case began over seven years ago when Aisha Knight began dating LaVegas Grundy. During the relationship, Grundy was abusive and controlling of Knight (Knight Depo., p. 17). Throughout the years the couple dated, the police responded many times for domestic violence incidents between Grundy and Knight (*Id.* at 32-38). However, Knight would never press charges against Grundy (*id.*). On November 6, 2005, Aisha Knight was beaten so severely that her mother, Donna Knight, took her to the hospital (*id.* at 39-40). Grundy was arrested on November 7, 2005, and transported to the Hamilton County Jail as a result of this incident (Holoman Depo., Ex. 1 & 5). Grundy was released on bond the same day, and his court date was scheduled for November 16, 2005 (*Id.*).

On November 7, 2005, an officer of the CPD advised Aisha Knight that Grundy was released on bond and was to have no contact with her pursuant to the conditions of release. Further, the officer advised Knight that she should notify the Police Department if Grundy contacted her in any way (Holoman Depo., Ex. 1). On November 9, 2005, Aisha Knight contacted the CPD and informed them that Grundy had made over twenty telephone calls to her (*id.*). After an investigation, a magistrate issued an order for Grundy to be arrested and held without bond (*id.*). A warrant was issued and subsequently delivered to the Hamilton County Sheriff's Office (Affidavit of Lenda

Clark, ¶ 5).[1]  A detective from the Sheriff's Department attempted to serve the warrant on Grundy. However, he was unable to do so and Grundy was never rearrested (*id.* at ¶ 7).

On December 1, 2005, Grundy came to the home of Donna Knight, where she and her daughter Aisha were both residing. Grundy proceeded to stab Donna Knight in the face and to stab and shoot Aisha Knight causing her death. Grundy then killed himself (Court File No. 1 at ¶ 18).

On November 29, 2006, Donna Knight filed this complaint against Defendants and the Estate of LaVegas Grundy (Court File No. 1) pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the Tennessee Governmental Tort Liability Act.

The complaint asserts Defendants violated Plaintiffs' constitutional rights under 42 U.S.C. § 1983 by failing to provide adequate security and promptly arrest Grundy. The Complaint further asserts that Defendants violated Plaintiffs' rights by failing to promulgate any policy to ensure the prompt arrest of individuals guilty of violating protective orders;[2] Defendants had a policy or custom of failing to timely arrest violators of protective orders; Defendants had a custom and practice of failing to adequately train officers concerning the necessity of promptly arresting individuals guilty of violating protective orders; and Defendants had a policy or custom of failing to have safeguards in place to insure that violators of protective orders were timely arrested.

The complaint asserts Defendants failed to adequately provide police protection to victims of domestic violence in violation of the equal protection clause. Plaintiff further asserted that the

---

[1] The warrant ("capias") in this matter was not designated by the issuing judge or the General Sessions Clerk as an "instanter" capias. An "instanter" capias is one that is specifically noted by the issuing judge to require immediate action (Clark Affidavit ¶ 9).

[2] Lt. Lenda Clark, of the Hamilton County Sheriff's Department, confirmed through affidavit that an Order of Protection was not issued in this particular matter. She states that priority is given to such orders as a means of protecting victims of domestic violence (Clark Affidavit, ¶ 9).

conduct of Defendants toward Donna and Aisha Knight establishes a special relationship between the parties and that Defendants enhanced or increased the danger to the plaintiffs.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on her allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

### A. Claims under 42 U.S.C. § 1983

Plaintiff sued under 42 U.S.C. § 1983 for alleged violation of her rights under the Fourteenth Amendment to the United States Constitution. Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To establish liability under § 1983, Plaintiff must demonstrate: (1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law.[3] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

#### 1. Violations of the Fourteenth Amendment

##### a. Violation of Substantive Due Process Rights

Although this action is brought pursuit to the Fourteenth Amendment, the Complaint does not state whether the alleged violation is based on substantive or procedural due process. Precedent from the United States Supreme Court, however, effectively bars the Plaintiff from recovering damages for an alleged failure to protect, whether based on alleged denials of either substantive or procedural due process.

The Supreme Court has determined that "nothing in the language of the Due Process Clause requires the State to protect the life, liberty, and property of its citizens against invasion by private

---

[3] Defendants do not deny that they were acting under the color of state law.

5

actors." *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 195 (1989). Specifically, the *DeShaney* Court held that the Due Process Clause imposes no affirmative obligation on the State, absent a "special relationship," to ensure that those interests do not come to harm through other means. *Id.*; *see also Town of Castle Rock v. Gonzales,* 545 U.S. 748 (2005).

However, the Sixth Circuit has previously recognized two specific instances which create exceptions to the *DeShaney* general principle of non-liability. The first, the "special relationship" exception, occurs when the State restrains an individual so as to expose the individual to harm. *Jones v. Union County*, 296 F.3d 417, 428 (6th Cir. 2002). The second, the "state created danger" exception, occurs when the State through some affirmative conduct places the individual in a position of danger. *Id.; see also Caldwell v. City of Louisville*, 200 F. App'x 430 (6th Cir. 2006). For the following reasons, the Court finds that neither exception applies in this case.

**Special Relationship Exception:** The Sixth Circuit has had the opportunity to clarify what circumstances give rise to the "special relationship" exception on several occasions. In *Jones,* the Sixth Circuit held that the defendant county had not violated the plaintiff's substantive due process rights by failing to serve a protective order on the plaintiff's ex-husband who later attacked her. The Sixth Circuit reasoned that the imposition by the state legislature of an affirmative duty on state officials to serve *ex parte* orders of protection in a timely fashion does not give rise to a due process claim based on a "special relationship." *Jones,* 296 F.3d at 428. This reasoning was reaffirmed in *Hudson v. Hudson*, 475 F.3d 741 (6th Cir. 2007), where the Sixth Circuit held that a protection order did not create a special relationship between the police officers and the individual who petitioned for that order. Rather, a "special relationship" arises when "the State by affirmative exercise of its

power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *DeShaney*, 489 U.S. at 1005.

Similar to the defendants in *Jones* and *Hudson*, Defendants in this case only failed to serve a warrant on Plaintiff's attacker. At no time were the Plaintiffs restrained or confined by Defendants so as to expose them to harm. Therefore, as in *Jones* and *Hudson*, the failure to serve an arrest warrant does not give rise to the "special relationship" exception to the *DeShaney* general principle of non-liability.

**State Created Danger Exception:** The second exception to the *DeShaney* general principle of non-liability, the "state-created-danger" exception, was discussed by the Sixth Circuit in *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 464 (6th Cir. 2006). For liability to result from a situation in which the State actor was responsible for creating the risk, a plaintiff is required to demonstrate an affirmative act that created or increased such risk, coupled with a special danger to the victim as opposed to the public at large, and featuring the requisite degree of state culpability. *Id.* In the present case, Plaintiff has presented no evidence that Defendants took any affirmative acts that would constitute a "state-created-danger".

### b. Violation of Procedural Due Process Rights

Nor can Plaintiff succeed on a procedural due process claim. The Supreme Court has held that an individual who has obtained a restraining order enforceable under state law does not have a constitutionally protected property interest in police enforcement of the order, even when authorities have probable cause to believe it has been violated. *Gonzales*, 545 U.S. at 748. Therefore, in light of *DeShaney* and *Gonzales*, an equal protection theory is the only remaining avenue by which a domestic violence victim can potentially recover damages under § 1983 for an

7

alleged failure to protect.

### c. Violation of Equal Protection Rights

There are two types of equal protection claims which arise out of failure to protect situations such as this one. In the first type of claim, a plaintiff must establish that law enforcement handled domestic assaults differently from other forms of assault, and, as a result, less protection was provided for a victim assaulted by a domestic perpetrator. *Cellini v. City of Sterling Heights,* 856 F. Supp. 1215, 1219 (E.D. Mich. 1994). Such claims are analyzed under a rational basis test because the alleged policy, while discriminatory against victims of domestic violence, is gender-neutral on its face. *Id.* at 1220.

The second category of equal protection claim requires a plaintiff to show that it is the policy or custom of the defendant to provide less protection to victims of domestic violence than those of other crimes, and that gender discrimination was the motivation for this disparate treatment. *Jones,* 296 F.3d at 426. Additionally, to establish such an equal protection claim under § 1983, a plaintiff must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class. *Id.* In *Jones,* the Sixth Circuit affirmed a grant of summary judgement on the plaintiff's equal protection claim, holding that the plaintiff had failed to demonstrate that a policy of law enforcement discriminated against women purposefully and intentionally with respect to the service of ex parte protection orders. *Id.* Contrarily, courts that have denied summary judgment, in similar situations, have done so in reliance on specific evidence from which a jury could find the defendants' domestic disputes policy to have a discriminatory impact which was motivated by intent to discriminate against women. *See Smith v. City of Elyria,* 857 F.Supp. 1203, 1212 (N.D. Ohio 1994) (policy against arrest requires the police

officer to persuade the woman victim to live with violence or the threat of violence to protect the integrity of the family, a result she is expected to want more than her own physical safety).

However, as in *Jones*, Plaintiff in this case has failed to demonstrate the presence of a policy of law enforcement that discriminated against women purposefully and intentionally with respect to domestic matters. In fact, the affidavits of Lieutenants Lenda Clark and William Johnson confirm that Defendant Hamilton County has taken steps to decrease incidences of domestic assault by prioritizing Orders of Protection, among other things. *See* Clark Affidavit ¶¶9-11; Johnson Affidavit ¶¶2-7. Plaintiff has produced no evidence which would establish a genuine issue of material fact as to whether the Plaintiffs were denied equal protection under the law by Defendants. Therefore, the Court will **GRANT** Defendants' motion for summary judgement as to Plaintiff claims under 42 U.S.C. § 1983.

### B. Negligence Claim

The complaint's only reference to a negligence claim is directed against the Estate of LaVegas Grundy. Because there is no indication the Estate has been served and 120 days have passed since the complaint was filed, the Court will **DISMISS** the Estate as a defendant pursuant to Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motions for summary judgment (Court File Nos. 23, 25) and will also **DISMISS** the Estate of LaVegas Grundy.

An Order shall enter.

9

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**